UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------X
EUGENE HAMILTON,                    :
                                    :
                Petitioner,         :
                                    :      11 Civ. 1332 (LAP)
        -against-                   :
                                    :
SUPERINTENDENT, EASTERN NEW         :      MEMORANDUM OPINION
YORK CORRECTIONAL FACILITY,         :          AND ORDER
                                    :
                Respondent.         :
                                    :
------------------------------------X

Loretta A. Preska, Senior United States District Judge:

　　　Before the Court is a motion to correct, vacate, and/or set aside the sentence pursuant to Title 28, United States Code, Section 2254 filed on February 25, 2011, by pro se petitioner Eugene Hamilton ("Hamilton" or "Petitioner"). (Mot. Vacate, Feb. 25, 2011, dkt. no. 1). On April 8, 2011, this case was referred to Magistrate Judge Debra Freeman. (Reference Order, Apr. 8, 2011, dkt. no. 6). After Petitioner's initial submission, he obtained counsel and filed a subsequent memorandum in support of his motion. (Pet. Mem., Apr. 26, 2011, dkt. no. 10). Respondent, the Superintendent of Eastern New York Correctional Facility, filed an opposition on July 28, 2011, (Opp., July 28, 2011, dkt. no. 15), and Petitioner filed a reply memorandum. (Reply, Aug. 17, 2011, dkt. no. 16). On September 10, 2015, Magistrate Judge Freeman issued a Report and

1

Recommendation ("Report") in which she recommended that Petitioner's motion be denied in its entirety, (R&R, Sept. 25, 2015, dkt. no. 19), and Petitioner timely filed his Objections. (Objections, Oct. 26, 2015, dkt. no. 23).

For the reasons set forth below, the Court denies each of Petitioner's Objections and adopts Judge Freeman's Report and Recommendation in its entirety.

I.  Background

For purposes of this Order the Court assumes familiarity with the relevant factual and procedural history of this case as set forth in Magistrate Judge Freeman's Report and Recommendation and incorporates the Report's summary for this background. (R&R at 2-26).

II. Legal Standard

When reviewing a petition for habeas corpus relief a federal court must only consider whether the petitioner is in custody pursuant to the state court judgment in violation of the Unites States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that federal courts conducting this review give deference to the state court decision. Renico v. Lett, 559 U.S 766, 769 (2010). Therefore, to obtain relief a petitioner must rebut the presumption of the state court's correctness by clear and convincing evidence.

2

Garguilio v. Heath, 293 F.R.D. 146, 152 (E.D.N.Y. 2013). This requires a petitioner to show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Importantly, a decision "is not unreasonable merely because the federal habeas court would have reached a different conclusion." Wood v. Allen, 558 U.S. 290, 301 (2010). Rather, a petitioner must show that that the state court's application of the law was objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Where a state law default precludes a state court from reviewing a claim, this claim typically cannot be reviewed by federal courts either. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). However, if a petitioner can show cause for the procedural default and actual prejudice resulting therefrom, a Petitioner can obtain review of such a claim. Gray v. Netherland, 518 U.S. 152, 162 (1996).

Ineffective assistance of counsel can constitute an adequate showing of cause for procedural default, but only if counsel's performance is in violation of the defendant's Sixth Amendment right to counsel. Aparicio v. Arutz, 269 F.3d 78, 91 (2d Cir. 2001). Additionally, the ineffective assistance claim must have been raised and exhausted in the state court in order

3

for review of such a claim by a federal habeas court. Edwards v. Carpenter, 529 U.S. 446, 452 (2000). The Supreme Court has instructed that to show counsel's performance fell below that which was guaranteed to the defendant by the Sixth Amendment, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Habeas courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The prejudice prong for the procedural default requires not just a mere "possibility of prejudice" but rather that the errors raised in the petition "worked to [the petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). This burden on petitioner of showing prejudice is higher in this instance than on direct appeal, id. at 166, because here the prejudice must overcome society's interest in the finality of criminal judgments. Id. at 175. Moreover, if a petitioner's claim lacks merit, he will not be able to establish the requisite prejudice to overcome the claim's procedural bar. McDowell v. Heath, No. 09cv7887 (RO) (MHD), 2013 WL 2896992, at *25 (S.D.N.Y. June 13, 2013).

A certificate of appealability ("COA") should be granted when a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This has been interpreted by the Supreme Court to be satisfied when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 478 (2000). This does not require petitioner to show that he or she would prevail on the merits. Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir). Accordingly, a court "should not decline an application for a COA merely because it believes the applicant will not demonstrate entitlement to relief." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003).

When reviewing a Report and Recommendation of a magistrate judge, a district court "may adopt those portions of the report to which no objections have been filed, and which are not factually erroneous." Walker v. Vaughan, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002). A district court must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which a party files timely written objections. See Reyes v. LaValley, No. 10-cv-2524 (KAM), 2013 WL 4852313, at * 1 (E.D.N.Y. Sept. 10, 2013). Petitioner should "explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound."

5

Johnson v. Artus, No. 07 CIV. 5905 SAS FM, 2009 WL 1505177, at *1 (S.D.N.Y. May 28, 2009). However, if a party "makes only conclusory or general objections, or simply reiterates his original argument, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F.Supp.2d at 292.

III. Discussion

a. Sufficiency of Evidence at Trial

Petitioner first objects to the portion of the Report finding that there was sufficient evidence at trial to sustain his conviction. (Objections at 1). Petitioner's legal sufficiency objection contains three parts: (1) that there was insufficient evidence that Petitioner acted with a mental state consistent with "depraved indifference," (2) that Owen's scarring did not amount to serious disfigurement, which is required for a conviction on first degree assault, and (3) that the trial testimony of Owens and Dames was incredible as a matter of law.

Petitioner's failure to preserve his legal insufficiency claims in state trial court precludes federal habeas review. See Downs v. Lape, 657 F.3d 97, 102-08 (2d Cir. 2011)(Appellate Division's determination that claim was unpreserved was an independent and adequate state ground precluding federal habeas review). Petitioner attempts to overcome this procedural bar by

6

arguing that sufficient cause and prejudice exists in the form of ineffective assistance of counsel. (Objections at 7). To demonstrate adequate cause Petitioner's ineffective assistance of counsel claim must itself be meritorious. Murray v. Carrier, 477 U.S. 478, 488 (1986). However, Petitioner cannot establish that he received ineffective assistance. Even if counsel's failure to preserve a legal insufficiency claim was objectively unreasonable, because all of Petitioner's claims lack merit he cannot prove that he suffered prejudice. See Strickland, 466 U.S. at 691-92.

First, Petitioner objects to Judge Freeman's finding that there was a sufficient basis to find Petitioner acted with depraved indifference. Petitioner makes specific objections to the Report and therefore the Court reviews this claim de novo. (See Objections at 2-4). However, Petitioner's arguments misstate both Judge Freeman's Report as well as the relevant case law. Petitioner argues that Judge Freeman should have relied on United States v. Feingold, 7 N.Y.3d 288 (2006), which held that "depraved indifference to human life" describes the mens rea required by statute, rather than on People v. Register, 60 N.Y.3d 270 (1983), an earlier case that required "depraved indifference to human life" to be determined based on the objective circumstances surrounding the crime. (Objections at 2). However, Judge Freeman did evaluate Petitioner's argument

under Feingold. (See R&R at 45). The Report notes that Petitioner's claim is meritless even under Feingold because there was sufficient evidence to support the verdict that Petitioner had the mens rea of depraved indifference to human life as it related to the bystanders, including Simpson, when he shot towards the crowded street corner. (Id.) The Court agrees.

Petitioner also argues that, pursuant to People v. Dubarry, 25 N.Y.3d 161 (2015), he did not have the requisite mens rea for depraved indifference, but in so doing he misstates the holding of that case. In Dubarry, the Court held that a defendant could not be found to have both transferred intent and depraved indifference in cases where there was only a single victim. 25 N.Y.3d at 169. That principle is inapplicable here because separate victims were involved: Petitioner was convicted of intentional crimes as to Owens and a depraved indifference crime as to Simpson. (R&R at 46 n.23). Accordingly, Dubarry provides no support for Petitioner's contention that the depraved indifference conviction should be reduced to second degree assault on the basis of transferred intent. (Objections at 5).

Because Petitioner's argument on the basis of depraved indifference is meritless, Petitioner cannot establish that he suffered the prejudice required to overcome the procedural bar of failing to preserve the claim in state court. Furthermore,

the Appellate Division found that there was legally sufficient evidence to convict Petitioner of depraved indifference and Petitioner makes no showing that this decision was contrary to or an unreasonable application of state law. People v. Hamilton, 859 N.Y.S.2d 156, 157 (1st Dep't 2008). The Court therefore adopts Judge Freeman's recommendation denying relief on this claim.

Second, Petitioner argues that the evidence at trial was insufficient to support a conviction of intentional first-degree assault because Owens did not sustain a serious bodily injury. (Objections at 5). Petitioner submits that this claim is properly before the Court and has not been abandoned because it was raised in the initial pro se petition. (Objections at 5)(citing Rodriguez v. Portuondo, 2006 WL 2168314, *1 n.1 (S.D.N.Y. Aug. 1, 2006). Assuming arguendo that the claim has not been abandoned, the Court is nevertheless unpersuaded. Despite Petitioner's contention that the nature and location of Owen's scarring does not constitute "serious disfigurement," (id.), this Court must view the evidence in the light most favorable to the prosecution and give deference to the jury's determination. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Accordingly, in light of the description of the wounds from the trial transcript and the fact that the jury had the ability to see the victim's scarring, the Court cannot conclude

9

that there was an insufficient basis for the jury's determination. Because the claim also lacks merit, the Court adopts the Report's recommendation denying relief.

Third, Petitioner argues that Owens and Dames were incredible witnesses as a matter of law. In his Objections, Petitioner merely rehashes his prior arguments. (See Objections at 7 ("As to petitioner's claims that Owens and Dames were incredible as a matter of law, he relies upon and incorporates by reference the arguments made in his original memorandum.")). Accordingly, the Court reviews Judge Freeman's Report for clear error and finds that there is none. See Walker, 216 F.Supp.2d at 292. The Appellate Division ruled on the merits of this argument, and therefore Judge Freeman reviewed its decision only to determine if it was contrary to or involved an unreasonable application of the law. (See R&R at 40). Judge Freeman notes that the Court cannot reevaluate the jury's determination of the credibility of the witnesses. (See R&R at 39). She further notes that the Court must review the evidence in the light most favorable to the prosecution. (Id.) Moreover, even if there were reasons for the jury to question the strength of portions of Owens' and Dames' testimony, the Court is required to presume that the jurors ultimately resolved any conflicts of testimony in favor of the prosecution. (See id. at 42)(quoting Douglas v. Fisher, No. 04cv3493 (NRB), 2004 WL 2914083, at *4 (S.D.N.Y.

Dec. 16, 2004)). Judge Freeman found that the state court determination was not an unreasonable application of or contrary to the law and that because the claim lacks merit Petitioner could not overcome the procedural bar. Having found no clear error, the Court adopts this portion of the Report.

### b. Ineffective Assistance of Appellate Counsel

Petitioner objects to the portion of Judge Freeman's Report denying relief on the basis of ineffective assistance by appellate counsel. (Objections at 8). Petitioner argues counsel was ineffective for (1) failing to raise the issue of the improper admission of hearsay at trial and (2) failing to argue that Petitioner was deprived of a fair trial as a result of comments made by the prosecution during summation. (Id.) Petitioner raises objections with Judge Freeman's findings only with respect to the prosecution's summation. (Id.) Therefore, the Court reviews the first argument for clear error and the second argument de novo. See Walker, 216 F.Supp.2d at 292.

First, Petitioner argues that testimony at trial by his mother and sister regarding Owen's involvement in the April 2004 robbery was impermissible hearsay. However, the Report found that the testimony was properly admitted because it was relevant to Petitioner's motive. (R&R at 53-54). Although the statements made by Petitioner's mother and sister expressing their belief that Owens was responsible for the April 2004

11

robbery did not constitute direct evidence of Petitioner's state of mind, they did make it more probable that Petitioner also believed that Owens was involved in the robbery. See People v. Molson, 933 N.Y.S.2d 160, 163 (4th Dep't 2011)(statement of defendant's accomplice was admissible for purpose of showing defendant's state of mind). The Court finds no clear error in the Report's finding that the statements were not inadmissible hearsay.

Further, the Report properly rejected Petitioner's argument that the testimony should not have been admitted because the probative value of admitting such evidence was outweighed by its prejudicial impact. Such balancing is entirely within the discretion of the trial court, and the determination can only been reversed if there is a showing that the trial court abused its discretion. (See R&R at 54 n.26)(citing People v. Gogoladze, 980 N.Y.S.2d 40, 42 (1st Dep't 2014). The Report's finding that the trial court did not abuse its discretion was not clear error. Accordingly, appellate counsel was not ineffective in failing to argue that the statements of Petitioner's mother and sister should have been excluded because such an argument would have been fruitless. Because Petitioner cannot show that he suffered prejudice, the Court adopts the Report's recommendation denying relief on this ground.

Second, the Court also adopts the Report's recommendation that appellate counsel was not ineffective in failing to argue that Petitioner was deprived of a fair trial by statements made in the prosecution's summation. (R&R at 55-57). To be entitled to relief on a claim of prosecutorial misconduct a petitioner must show that the prosecution's actions caused such a substantial prejudice that he or she was denied due process of law. People v. Rubin, 474 N.Y.S.2d 348, 352 (4th Dep't 1984). Therefore, "the essential question" in determining if a petitioner's due process rights were violated is "whether, upon consideration of the entire record, defendant has been deprived of his fundamental right to a fair trial." People v. D'Alessandro, 591 N.Y.S.2d 1001, 1005 (1st Dep't 1992)(internal quotation marks and citations omitted). Accordingly, a specific comment made by a prosecutor during summation, even if improper, is not dispositive of whether a defendant was denied his or her due process right, but rather the Court must consider whether "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." See Darden v. Wainwright, 477 U.S. 168, 181 (1986)(internal quotation marks and citations omitted).

Petitioner cites numerous cases in his Objections where a court reversed a conviction because the actions of the prosecutor deprived the defendant of a fair trial. (Objections

at 9-10). Nevertheless, Petitioner cannot show, as he must, that when viewed in the context of the trial as a whole the comments made by the prosecutor during summation deprived him of a fair trial. See People v. Johnson, 556 N.Y.S.2d 685, 686-87 (2d Dep't 1990)(finding that based on the entire trial record there is no basis for concluding defendant was deprived of a fair trial because it was unlikely the jury would have acquitted the defendant even if the alleged errors had not occurred). Similarly here, even assuming arguendo that the prosecutor's comments were improper, the jury would likely still have returned a guilty verdict because of the overwhelming evidence introduced at trial in support of a conviction, including eyewitness testimony by Owens, Dames, and Simpson, as well as testimony by police officers and medical personnel who were involved in investigating and responding to the shooting. (R&R at 3-14). Accordingly, because Petitioner's' argument that he was deprived of his right to due process by the prosecution's summation is meritless, he cannot show that he was prejudiced by appellate counsel's failure to raise this claim.

Petitioner's argument fails for an additional reason: because Petitioner previously brought this claim before the Appellate Division in his coram nobis application, it is not sufficient for Petitioner to show that he could prevail under the Strickland standard of ineffective assistance of counsel.

14

Bell v. Cone, 535 U.S. 685, 698-99 (2002). "Rather [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. at 699. The Appellate Division summarily dismissed Petitioner's argument on the basis of prosecutorial misconduct, see People v. Hamilton, 2009 N.Y. App. Div. LEXIS 9865 (1st Dep't Oct. 13, 2009), which this Court must presume to be a denial on the merits, see Washington v. Brown, No. 09 cv 544 (JG), 2009 WL 1605553, at *3 (E.D.N.Y. June 8, 2009)(holding that a court's summary disposition of a petition is presumed to be a denial on the merits absent an express indication that the claim was denied as procedurally barred).

Petitioner has not shown that the Appellate Division was objectively unreasonable in concluding that appellate counsel did not provide ineffective assistance of counsel. In fact, the record makes clear that the claims appellate counsel did choose to raise were strong and viable because counsel was successful in reducing Petitioner's sentence by modifying the two sentences to run concurrently rather than consecutively. Hamilton, 859 N.Y.S.2d at 157. Petitioner's argument that sentencing and trial are distinct phases is irrelevant, (Objections at 11) -- regardless of a trial's phases Petitioner had the same appellate counsel, who raised the strongest claims upon review of the trial record. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.

15

1994)(A petitioner may demonstrate the objectively unreasonable performance of appellate counsel "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.") Accordingly, Petitioner cannot meet the demanding standard of Bell v. Cone. The Court adopts this portion of the Report and finds that appellate counsel did not provide ineffective assistance.

c. Ineffective Assistance of Trial Counsel

Petitioner also argues that he is entitled to habeas relief because his trial counsel provided ineffective assistance. (Objections at 12). This claim was raised in Petitioner's initial pro se petition, but thereafter was not included in the declaration or memorandum of law filed by Petitioner's attorney. (R&R at 58). However, counsel asserts that the claim has not been abandoned and is properly before the Court because a claim can be raised as late as oral argument. (Objections at 12) (citing Rodriguez, 2006 WL 2168314, at *1 n.1). Accordingly, the Court will address this claim on the merits.

Petitioner argues that his counsel was ineffective for failing to make a sufficiency motion. (Objections at 12). As discussed above, supra at 7-11, Petitioner's arguments relating to legal insufficiency of evidence introduced at trial lack merit. Accordingly, Petitioner cannot establish the prejudice required to overcome his procedural default. Furthermore, the

Appellate Division rejected on the merits Petitioner's arguments on the basis of depraved indifference and the testimony of Owens and Dames, but Petitioner has failed to show that the decision was either contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d). Habeas relief on the basis of trial counsel's failure to make a legal insufficiency argument is therefore unwarranted.

Second, Petitioner objects to the Report's finding that trial counsel was not ineffective for failing to object to statements made by the prosecutor during summation. As an initial matter, this claim is procedurally barred because Petitioner never raised it on his direct appeal. Further, as discussed supra at 12-16, even assuming arguendo that comments made by the prosecution were objectionable, Petitioner has failed to show that he was prejudiced by counsel's failure to object to the prosecutor's statements and thus he cannot satisfy the Strickland standard for ineffective assistance of counsel. To establish prejudice Petitioner would need to demonstrate that there was a "reasonable probability that but for counsel's unprofessional errors the result of the trial would have been different." Strickland, 466 U.S. at 694. However, in light of the trial record as a whole, Petitioner cannot demonstrate that this reasonable probability exists because the overwhelming evidence introduced at trial supports a conviction. Finally,

Petitioner cannot show that the Appellate Division's rejection of this claim was contrary to or an unreasonable application of federal law. Accordingly, Petitioner is entitled to no relief and the Court adopts this portion of the Report.

IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety, and Petitioner's motion to correct, vacate, and/or set aside his sentence pursuant to Title 28, United States Code, Section 2255 is denied. The Court declines to issue a Certificate of Appealablity because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because Petitioner has failed to identify a claim that jurists of reason would find debatable as to whether Petitioner was denied such a right. See Slack, 529 U.S. at 478.

SO ORDERED.

Dated:  New York, New York
        May 9, 2017

_____
LORETTA A. PRESKA
Senior United States District Judge